```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X,
EILEEN IYER,                                                      :
                                                                  :
                Petitioner,                                       :
                                                                  :     06 Cr. 758, 08 Civ 10455(PAC)
        - against -                                               :     OPINION & ORDER
                                                                  :
THE UNITED STATES OF AMERICA,                                     :
                                                                  :
                Respondent.                                       :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: February 7, 2012

HONORABLE PAUL A. CROTTY, United States District Judge:

On December 3, 2008, Eileen Iyer ("Iyer"), proceeding pro se, petitioned this Court, under 28 U.S.C. § 2255, to correct her sentence due to ineffective assistance of counsel. Iyer argues that defense counsel was ineffective for failing to investigate and discover that her crime did not involve 50 or more victims, and failing to object to the resulting four-level guidelines range enhancement.

Iyer entered into a sentencing agreement with the Government which waived her right to appeal "or litigate under Title 28, United States Code, Section 2255 . . . any sentence within or below the Stipulated Guidelines Range of 41 to 51 months' imprisonment." (Gov't Opp. Ex. C at 4.) Iyer was sentenced to 41 months' imprisonment. Further on two separate occasions, where under oath, Iyer said she was satisfied with the advice and counsel of her attorney. Her petition is DENIED.

## BACKGROUND

On September 7, 2006, Iyer was charged in a two-count indictment with embezzling federal money, in violation of 18 U.S.C. § 641, and mail fraud, in violation of 18 U.S.C. § 1341. On December 10, 2007, Iyer pled guilty to both counts, without the benefit of a plea agreement.

Before her plea, Iyer acknowledged that she was satisfied with her lawyer's advice and the representation he had given to her. (See Gov't Opp. Ex. A at 5.) She reserved her right to challenge the various elements of the Pimentel letter. (See id. at 2.)

On February 20, 2008, the Probation Office issued a Presentence Investigation Report ("PSR"), calculating Iyer's guidelines range to be 63-78 months. (See Gov. Opp. Ex. B (the PSR) ¶ 77.) The PSR indicated that Iyer, an employee of Gold Crest, a nursing home, was responsible for collecting and recording all money that the Gold Crest residents received from the Social Security Administration and Medicare, and depositing a portion of that money into a Personal Needs Allowances bank account. (Id. PSR ¶ 10.) The PSR further indicated that Iyer wrote checks against the Personal Needs Allowances to pay her personal expenses. (Id. PSR ¶ 10.) The PSR indicated that "Iyer caused the residents of Gold Crest a loss amount totaling $536,528.03" and that the "offense involved 50 or more victims" who "by virtue of being in a nursing home, incapacitated by age and/or infirmity, were unable to handle their financial obligations." (Id. PSR ¶ 17.)

On February 29, 2008, the Government entered into a sentencing agreement with Iyer, which Iyer signed in open Court on April 22, 2008, stipulating to a guidelines range of 41-51 months' imprisonment. The stipulated guidelines range was lower than the PSR guidelines range because it excluded: (i) a two-level increase for an offense that involved vulnerable victims, under U.S.S.G. § 3A1.1(b)(1); and (ii) and a two-level enhancement based on Iyer's abuse of a position of trust under U.S.S.G. § 3B1.3. (See Gov't Opp. Ex. E at 3.) The stipulated guidelines range expressly retained the four-level enhancement for offenses involving more than fifty victims. (See Gov't Opp. Ex. C, at 2.) Additionally, the sentencing agreement expressly provided that Iyer waived her right to "file a direct appeal, []or litigate under Title 28, United

States Code, Section 2255 . . . any sentence within or below the Stipulated Guidelines Range of 41 to 51 months' imprisonment." (See Gov't Opp. Ex. C at 4.)

The sentencing agreement nonetheless allowed either party to seek a sentence outside the stipulated guidelines range based on 18 U.S.C. §3553(a) factors. (Id. at 3-4.) Defense counsel argued that Iyer should receive a sentence below the stipulated guidelines range because Iyer came from an abusive, troubled background, and her criminal behavior was consistent with mania. (See Gov't Mem., Ex. D.)

At the sentencing hearing on April 22, 2008, the Court asked and Iyer confirmed that she had an opportunity to review the sentencing agreement with her attorney and was satisfied with his advice. (See Gov't Mem., Ex. F at 3.) The Court specifically addressed the appellate waiver provision, and Iyer confirmed that she understood that if she was sentenced within the stipulated guideline range of 41 to 51 months she was agreeing not to appeal or attack the sentence in a collateral proceeding. (Id. at 4.) The Court then agreed to adopt the stipulated guidelines range as set forth in the sentencing agreement. (Id. at 6.) After addressing the various §3553(a) factors and arguments raised by defense counsel, the Court sentenced Iyer to 41 months' imprisonment, three years of supervised release, and restitution in the amount of $538,526.03. (Id. at 18.)

On July 18, 2008, the Government, following up on the restitution order, submitted a letter to the Court requesting that Iyer be ordered to pay restitution to the Social Security Administration, and to Gold Crest, resulting from its partial reimbursement of 48 victims. (Gov't Opp. Ex. G.)

On December 3, 2008, Iyer filed this petition to correct her sentence—namely, to remove the four-level enhancement for 50 or more victims—based on ineffective assistance of counsel. Iyer argues that she told defense counsel that none of the residents suffered any monetary harm

3

because "they were unaware of [the] missing funds" and Gold Crest "reimbursed the loss caused by [her] actions immediately." (Iyer Br. at 1.) Iyer claims that defense counsel failed to question or discover who the fifty or more victims were that the Government alleged were affected.

On November 12, 2009, the Government submitted its opposition, arguing that Iyer's petition was barred under the terms of the sentencing agreement, and, in any event, defense counsel was not constitutionally ineffective because he secured a sentence at the bottom of the stipulated guidelines range for Iyer. (Gov't Mem. at 5.) The Court also notes that the guidelines range in the sentencing agreement was significantly lower than the PSR's guidelines calculation.

## DISCUSSION

### A. Legal Standards

28 U.S.C. § 2255(a) provides, in relevant part, that a prisoner:

> claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Iyer's petition for relief under § 2255 faces a heavy burden, as "a collateral attack on a final judgment in a federal criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Cuoco v. United States, 208 F.3d 27, 30 (2d Cir. 2000) (citation omitted).

The Sixth Amendment of the United States Constitution guarantees a criminal defendant the effective assistance of counsel. U.S. Const. amend. VI. To prevail on her claim of ineffective assistance, Iyer must show that (1) her attorney's performance fell below an objective standard of reasonableness, and (2) she was prejudiced by this deficient performance. Strickland v. Washington, 466 U.S. 668, 689 (1984). To establish prejudice, there must be a reasonable

4

probability that, but for counsel's error, the outcome would have been different.  See United States v. Davis, 239 F.3d 283, 286 (2d Cir. 2001).

### B. Validity of the Sentencing Agreement and Waiver

Knowing and voluntary waivers of the right to appeal or collaterally attack one's sentence are valid and enforceable.  See, e.g., Garcia-Santos v. United Sates, 273 F.3d 506, 509 (2d Cir. 2001).  This Court examined Iyer at the sentencing hearing and determined that Iyer knowingly and voluntarily waived her right to collaterally attack her sentence.  (Gov. Ex. F 3-5.)  Iyer does not argue otherwise, or offer any explanation as to why the Court should disregard her express waiver.  "[T]he district court [i]s entitled to rely upon the defendant's sworn statements, made in open court . . . that [s]he understood the consequences of h[er] [agreement], had discussed the [agreement] with h[er] attorney, knew that [s]he could not withdraw the [agreement], [and] understood that [s]he was waiving h[er] right to appeal a sentence below [the stipulated range] . . . ."  United States v. Hernandez, 242 F.3d 110, 112 (2d Cir. 2001).

The Court thus finds that Iyer's waiver of her right to collaterally attack a sentence within the stipulated guidelines range of 41 to 51 months is sufficient to bar the instant petition.  Luna v. United States, No. 98 Civ. 7970(PKL), 1999 WL 767420, at *3 (S.D.N.Y. Sept. 28, 1999).

### C. Ineffective Assistance of Counsel Claims

"Claims of ineffective assistance of counsel can survive § 2255 waivers, but only when the claim relates to the negotiation and entry of a plea or sentencing agreement." United States v. Cano, 494 F. Supp. 2d 243, 248 (S.D.N.Y. 2007) (citing Hernandez, 242 F.3d at 114 ("If the constitutionality of [the sentencing] agreement process passes muster, the agreement's waiver would bar any consideration . . . of issues that fall within the scope of that waiver.")).

Here, Iyer argues that her attorney was ineffective, in essence, for failing to object to the four-level enhancement for 50 or more victims. She does not, however, contend that the waiver of her right to collaterally attack her sentence or more generally, her entry into the sentencing agreement was predicated upon ineffective assistance of counsel. Thus, although Iyer couches her arguments in terms of ineffective assistance of counsel, she is actually challenging her sentence, and therefore is precluded by the waiver provision contained in the sentencing agreement. See Santana v. United States, No. No. 04 Civ. 1111(SAS), 2005 WL 180932, at *3 (S.D.N.Y. Jan. 25, 2005) (denying defendant's §2255 petition for ineffective assistance of counsel based on counsel's failure to object to a two-point gun enhancement and a two-point criminal history category enhancement because these arguments went to the validity of the sentence and not ineffective assistance) (citing United States v. Djelevic, 161 F.3d 104, 107 (2d Cir.1998) (holding that a section 2255 petitioner may not avoid the effect of his forfeiture of collateral attack rights by "dress[ing] up" his sentencing challenges as purported violations of the Sixth Amendment)).

Independently, Iyer's ineffective assistance of counsel claim fails because she has not shown deficient performance or resulting prejudice. Iyer admits that she is guilty of both counts; and she does not argue that she did not embezzle money from 50 or more residents. (See Iyer Br. 1.) Rather, she argues only that the elderly and/or incapacitated nursing home residents should not count as "victims" because they did not know their money was missing, and her former employer reimbursed the residents after her serial thefts were discovered. (See id.) A "victim" does not have to be aware of the illegal conduct or not receive restitution. See generally

6

U.S.S.G. § 2B1.1(b)(2). Accordingly, "[i]t would have been frivolous, and perhaps a violation of the [Sentencing] Agreement, to have argued that [Iyer] should not be accorded [the four-level enhancement]. Counsel's decision to refrain from doing so, therefore, does not amount to ineffective assistance." Mishoe v. United States, No. 03 Civ. 5798(SAS), 2004 WL 1770069, at *6 (S.D.N.Y. Aug. 6, 2004). Moreover, in light of the futility of Iyer's proposed argument, Iyer has not shown any prejudice resulting from her counsel's alleged failure to investigate the 50 victims.

## CONCLUSION

For the reasons above, Iyer's petition to have her sentence corrected, pursuant to 28 U.S.C. § 2255, is DENIED. As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253. The Clerk of the Court is directed to terminate this motion and close this case.

Dated: New York, New York
       February 7, 2012

SO ORDERED

/s/ Paul A. Crotty

PAUL A. CROTTY
United States District Judge

Copy Mailed BY Chambers To:

Eileen Iyer
70169-054
FCI DANBURY
FEDERAL CORRECTIONAL INSTITUTION
ROUTE 37
DANBURY, CT 06811

8